CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Sanko Bussan Co., Ltd.

**FILED**
DISTRICT COURT OF GUAM
FEB 22 2006 𝜌𝜌
**MARY L.M. MORAN**
**CLERK OF COURT**

## IN THE DISTRICT COURT OF GUAM

MARUWA SHOKAI GUAM, INC.,

          Plaintiff,

vs.

M/V KANA-MARU NO. 1, et al.,

          Defendant.

M/V KANA-MARU NO. 1, et al.,

          Counterclaim-Plaintiff,

vs.

MARUWA SHOKAI GUAM, INC.

          Counterclaim-Defendant,

and

SANKO BUSSAN CO., LTD.

          Claimant/Plaintiff-in-
Intervention.

CIVIL CASE NO. 00-00029

**REQUEST FOR REVIEW OF
PLEADINGS FILED SINCE
NOVEMBER 7, 2005; EXHIBIT 1-3;
DECLARATION OF SERVICE**



4832-7038-3360.1.053394-00007

## 1.    **Background**

On November 7, 2005, Sanko Bussan Co. Ltd. filed the pleading attached hereto as Exhibit "1". Exhibit 1 sought enforcement of a Stipulated Judgment And Order this Court filed in the underlying action on June 12, 2001. That Stipulated Judgment is Exhibit A to Exhibit 1.

On November 14, 2005, the Court denied the relief requested in Exhibit 1 on grounds that Sanko Bussan had not established to the satisfaction of the Court that interested parties had been properly served. See Exhibit 2 hereto.

On November 17, 2005, Sanko Bussan addressed the service issue by filing what is marked as Exhibit 3 hereto. However, perhaps due to the lack of a sitting District Judge for the District of Guam, the Court has yet to act upon Sanko Bussan's request for relief, as stated in Exhibit 1 hereto.

## 2.    **Request For Review**

The Stipulated Judgment in the underlying action, Exh. A to Exh. 1, was entered after a trial of the underlying action, District Court Judge Alex. R. Munson presiding. In the circumstances, Sanko Bussan hereby respectfully requests The District Court for Guam to forward this Request for Review to the District Court For The Northern Mariana Islands for consideration by District Judge Alex. R. Munson.

DATED: Hagåtña, Guam, February 22, 2006.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Defendant
Sanko Bussan Co., Ltd.

# EXHIBIT 1



CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Sanko Bussan Co., Ltd.

**FILED**
DISTRICT COURT OF GUAM

NOV - 7 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

MARUWA SHOKAI GUAM, INC.,

               Plaintiff,

    vs.

M/V KANA-MARU NO. 1, et al.,

               Defendant.

CIVIL CASE NO. 00-00029

**NOTICE OF REPOSSESSION OF
VESSEL UNDER STIPULATED
JUDGMENT; REQUEST FOR AN
ORDER TO TRANSFER OWNERSHIP
OF VESSEL TO PLAINTIFF IN
INTERVENTION, SANKO BUSSAN
CO., LTD.; EXHIBITS A-C;
DECLARATION OF SERVICE**

M/V KANA-MARU NO. 1, et al.,

               Counterclaim-Plaintiff,

    vs.

MARUWA SHOKAI GUAM, INC.

               Counterclaim-Defendant,

and

SANKO BUSSAN CO., LTD.

               Claimant/Plaintiff-in-
               Intervention.

RECEIVED BY

NOV 07 2005
3:00
ZAMSKY LAW FIRM


RECEIVED
NOV 0 7 2005
BERMAN O'CONNOR
MANN & SHKLOV

1. <u>Background</u>

Plaintiff Maruwa Shokai filed this admiralty case in 2000. Sanko Bussan intervened to assert a maritime lien on the KANA MARU No. 1 (the "vessel"), as well as other *in personam* claims against Toshihiko Ikema, the vessel owner. After a trial on the underlying action brought by Maruwa Shokai, District Judge Alex R. Munson presiding, Sanko Bussan's *in rem* maritime lien and *in personam* claim against Ikema were adjudicated by way of a Stipulated Judgment and Order filed June 12, 2001 (the "Judgment"). That Judgment is attached as Exhibit A. Among other things, the Judgment provides for continuing jurisdiction by the Court for purposes of enforcing the Judgment. <u>See</u> Exh. A, p. 5, paragraph 4.

Sanko Bussan's *in rem* judgment on the maritime lien is for $460,332.80, <u>Id</u>. at p. 3, paragraph 2, the *in personam* judgment is for $118,742.20. <u>Id</u>. at p. 4, paragraph b..

2. <u>Current status</u>

Ikema has defaulted on his obligations to pay the *in rem* judgment against the vessel for the maritime lien and the *in personam* judgment against him personally. In accordance with the terms of the Judgment, Sanko Bussan gave written notice of the default ("Notice"), and demanded that Ikema cure the default by payment or otherwise, for example, by proposing a payment schedule. Sanko Bussan's Notice of default is attached as Exh. B, together with an English translation. Proof of delivery of the Notice to Ikema is attached as Exh. C, also with an English translation.

Ikema was served with the Notice on October 20, 2005. Ikema has not cured the default by payment or otherwise, or in any other way responded to the Notice or Sanko Bussan's demand, within the fifteen (15) days as specified in the Judgment, <u>see</u> Exh. A at p. 5, paragraph 4, and in the Notice. <u>See</u> Exhibit B.

3. Action taken

The Judgment authorizes Sanko Bussan to use self-help to repossess the vessel. See Exh. A, p. 4, paragraph 4. On or about November 7, 2005, Sanko Bussan will use self-help to repossess the vessel at Guam, and thereafter operate the vessel with a new crew.

4. Court action requested

The Judgment provides that, subsequent to repossession of the vessel by Sanko Bussan, the Court shall, in accordance with the Court's continuing jurisdiction, determine ownership and legal title to the vessel. Sanko Bussan hereby respectfully requests the Court to file the (Proposed) Order, lodged concurrently herewith, thereby deeming Sanko Bussan as legal owner of the vessel

DATED: Hagåtña, Guam, November 7, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Defendant
Sanko Bussan Co., Ltd.

# EXHIBIT "A"

CARLSMITH BALL LLP

F I L E D
DISTRICT COURT OF GUAM

JUN 1 2 2001

MARY L.M. MORAN
CLERK OF COURT

DAVID P. LEDGER
STACY S. FUKUHARA
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Sanko Bussan Co., Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM, INC., | CIVIL CASE NO. 00-00029 |
| Plaintiff, | |
| vs. | |
| M/V KANA-MARU NO. 1, et al., | |
| Defendants. | |
| M/V KANA-MARU NO. 1, et al., | |
| Counterclaim-Plaintiff, | |
| vs. | **STIPULATED JUDGMENT AND ORDER** |
| MARUWA SHOKAI GUAM, INC., | |
| Counterclaim-Defendant, | |
| and | |
| SANKO BUSSAN CO., LTD., | |
| Claimant/Plaintiff-in-Intervention. | |

3125495.1.053394-00001

R E G I S T E R E D
CARLSMITH BALL

**EXHIBIT A**

SENT BY:
JUN-12-01 11:05AM FROM-CARLSMITH
6-12- 1 ; 2:41PM ;
6/02562011-DISTRICT COURT OF GUAM 7/11
+8714774075
T-031 P.03/11 F-026

District Court of Guam Civil Case No. 00-00029
**STIPULATED JUDGMENT AND ORDER**
Page 2

|                                              |     |
|----------------------------------------------|-----|
| M/V KANA-MARU NO. 1 and TOSHIHIKO IKEMA,     | )   |
|                                              | )   |
|            Third-Party Plaintiffs,           | )   |
|                                              | )   |
|                     vs.                      | )   |
|                                              | )   |
| MARUWA SHOKAI, LTD.,                         | )   |
|                                              | )   |
|            Third-Party Defendants.           | )   |
|                                              | )   |

      Plaintiff-in-Intervention SANKO BUSSAN CO., LTD. ("Sanko Bussan") and

Defendants, Counterclaim-Plaintiff, and Third Party Plaintiffs M/V KANA-MARU NO. 1 and

TOSHIHIKO IKEMA, by and through their respective counsel, stipulate and agree as follows:

      1.     Sanko Bussan has a maritime lien for necessaries (the "maritime lien"), as

that term is defined under United States general maritime law, against the vessel M/V Kana Maru

No. 1 (the "Vessel") in the amount of $460,332.80. The lien consists of:

      a.     Shipyard refurbishment work performed in Okinawa, the agreed

value of which is ¥55,238,904, all of which is established and proven by exhibits admitted into

evidence at the trial of this matter as Sanko Bussan Trial Exhibits No.1-79, 1-81 to 88, 1-91, 1-98

to 1-100, 1-102 to 1-106, 1-108 to 1-118, 2-1, 2-3, 2-5 to 2-16, 2-18 to 2-19, 2-24 to 2-32, 5-1 to

5-6 and 5-8. The Vessel has made four payments in the amount of Y6,323,530 towards said

debt, and therefore owes ¥48,915,374 or $404,259.28 at U.S. $1 equals Japanese ¥121.

3125495.1.053394-00001

b.    Necessaries for the Vessel while it was under arrest in Guam, the agreed value of which is $56,073.52, all of which is established and proven by exhibits admitted into evidence at the trial of this matter as Sanko Bussan Trial Exhibits1-1, 1-2 and 7-1 to 7-38.

2.    Sanko Bussan is entitled to judgment on its maritime lien in the amount of $460,332.80, and said judgment is hereby entered against Ikema *in personam* and the Vessel *in rem*.

3.    Sanko Bussan may execute on the maritime lien pursuant to applicable law, including Rule E, Supp. Rules For Certain Admiralty and Maritime Claims and Local Admiralty Rule C; provided, however, that in consideration of Toshihiko Ikema's ("Ikema") performance of the points set forth below in a.- e., Sanko Bussan will not execute on said maritime lien:

a.    Ikema will pay off the maritime lien in accordance with that certain agreement between Sanko Bussan and Ikema, said agreement requiring Ikema to pay an amount toward reducing the maritime lien upon completion of each profitable fishing voyage until said maritime lien is fully paid. The amount Ikema must pay upon completion of each profitable fishing voyage will be a function of the amount of fish caught, market price for the fish, voyage expenses and, ultimately, the amount of profit earned for each said voyage which, in each instance, shall be agreed upon between Ikema and Sanko Bussan according to the usual accounting method to determine same, all as testified to at the trial by Takeshi Umazume, both

Case 1:00-cv-00029    Document 300    Filed 02/22/2006    Page 10 of 56

District Court of Guam Civil Case No. 00-00029
**STIPULATED JUDGMENT AND ORDER**
Page 4

parties being required to use the utmost good faith and fair dealing in agreeing upon said amount of profit;

        b.       Ikema agrees to have judgment (the "Judgment") entered against him *in personam*, and the Vessel *in rem*, in favor of Sanko Bussan, in the amount of $118,742.20 for certain cash advances paid to and on behalf of Ikema, as of March 19, 2001, by Sanko Bussan, and said judgment is hereby entered;

        c.       Ikema will pay off the Judgement in accordance with that certain agreement between Sanko Bussan and Ikema, said agreement requiring Ikema to pay an amount toward reducing the Judgment upon completion of each profitable fishing voyage until said Judgment is fully paid. The amount Ikema must pay upon completion of each profitable fishing voyage will be a function of the amount of fish caught, market price for the fish, voyage expenses and, ultimately, the amount of profit earned for each said voyage which, in each instance, shall be agreed upon between Ikema and Sanko Bussan according to the usual accounting method to determine same, all as testified to at the trial by Takeshi Umazume, both parties being required to use the utmost good faith and fair dealing in agreeing upon said amount of profit;

        d.       The Vessel will remain under the agency of Sanko Bussan until the maritime lien for necessaries and Judgment are paid in full; provided, however, that Sanko Bussan performs all of its obligations under said agency agreement; and

3125495.1.053394-00001

District Court of Guam Civil Case No. 00-00029
**STIPULATED JUDGMENT AND ORDER**
Page 5

e.      Ikema will neither purchase, nor authorize the purchase of, any

supplies, equipment, bunkers, repairs, tackle, bait, services or any other item, commodity or

necessary by or for the Vessel, without first obtaining Sanko Bussan's written authority and

consent to do so.

4.      The parties agree that the Court will retain continuing jurisdiction of this

action for purposes of enforcing the terms of this Stipulated Judgment and Order; provided,

however, the parties agree that should Ikema default on any obligation required by this Stipulated

Judgment and Order, and after prompt written notice personally delivered fail to cure said default

within a reasonable time in the circumstances, in any event not to exceed 15 days after said

notice, Sanko Bussan may use self-help to take possession of the Vessel; provided, further,

however, that subsequent ownership and legal title to the Vessel shall be determined in

accordance with Rule E, Supp. Rules For Certain Admiralty and Maritime Claims and Local

Admiralty Rule C, or as otherwise ordered by the Court

Dated this 12 day of June, 2001.

**CARLSMITH BALL LLP**

DAVID LEDGER
Attorneys for Sanko Bussan Co., Ltd.

//
//
//
//

3125495.1.053394-00001

District Court of Guam Civil Case No. 00-00029
**STIPULATED JUDGMENT AND ORDER**
Page 6

Dated this __11__ day of June, 2001

BERMAN O'CONNOR & MANN

_Paul S Lirva for_

DANIEL J. BERMAN
Attorneys for M/V Kana Maru No. 1
and Toshihiko Ikema

**APPROVED AND SO ORDERED** this _12 IN_ day of _JUNE_, 2001.

_Alex R Munson_

THE HONORABLE ALEX R. MUNSON
United States District Court Judge

Notice is hereby given that this document was
entered on the docket on __6/13/01__.
No separate notice of entry on the docket will
be issued by this Court.
    Mary L. M. Moran
    Clerk, District Court of Guam
By:_____ 6/13/01_
    Deputy Clerk          Date

3125495.1.053394-00001

# EXHIBIT "B"

18-2?

拝啓　時下益々ご清祥のこととお慶び申し上げます。

　さて、貴殿・貴庵...が所有されている、第一香場げおよりの賃貸借に関して平成十一年十月一日から平成十一年十月十五日までの間、貴殿の合計負担した費用の未清算合計金く三く五万九千五九四円となっておりますが、何度かお話し合いをさせていただきましたが、誠意ある回答をいただけておりません。

　つきましては、本状到着の日より、十四日以内に、当社宛て持参又は送金してお支払いもあるいは返済計画を提出していただきたくお願い申し上げます。

　もし、貴殿...にお支払...場合は、...法的手段も...と思います。

敬白

EXHIBIT B






平成一七年一〇月一七日

　　沖縄県那覇市おもろまち二丁目五番七号
　　　　　　三高物産株式会社
　　　　　　代表取締役　馬詰　修

　　沖縄県宮古島市伊良部町字前里添百十番地
　　　　　　第一香奈丸
　　　　　　池間　敏彦　殿

この謄本は平成一七年一〇月一八日
原本と相違ないことを証明する
那覇中央郵便局長


***Mailing seal is affixed on October 18, 2005

With regards to the fishing vessel operation cost like maintenance, inspection, fish offloading and provisions for your owned Kana Maru #1, please be informed that there are outstanding amount as JPY83,859,594 which was paid temporarily by our company for you from October 1, 1999 to October 15,2005. Although we talked the matter together several times, we have never got sincere response from you.

We would like you to pay the amount in cash or remit to our company in 14 days after you received this mail. Or, we would like you to submit payment schedule which is acceptable for our company on and before that day mentioned above.

Unless you pay the outstanding amount , or you give sincere response by the due date, we regret but we shall be forced to place the matter in the hands of our solicitors. Please understand about it.

-------------------------------------------------------------------------------

2nd page

***Company seal of sender and mailing seal are affixed

October 17, 2005

(Sender)
President director
Osamu Umazume
Sanko Bussan Co.,Ltd.
2·5·7 Omoromachi, Naha, Okinawa

(Recipient)
Mr. Toshihiko Ikema
Owner of Kana Maru #1
110 Aza·Maesatozoe, Irabu·cho, Miyakojima, Okinawa

I hereby certify that this mail was sent as registered contents·certified mail
on October 18, 2005 under confirmation no. 29722.
Postmaster of Naha Central Post office    ***Mailing seal is affixed on October 18, 2005

This is the translation of attached letter mailed on October 18th 2005,

October 24th, 2005
Takeshi Uma...

平成１７年第１８８号

### 認　証

　嘱託人馬詰剛は、本職の面前で添付書面に署名押印

した。

　よってこれを認証する。

平成１７年１０月２４日本職役場において

沖縄県那覇市泉崎一丁目４番１０号

那覇地方法務局所属

公証人　金城正之



Registered No. 1 8 8

## NOTARIAL CERTIFICATE

This is to certify that TSUYOSHI UMAZUME has

affixed his signature and seal in my very presence

to the attached document.

Dated this 24th day of October 2005

MASAYUKI KINJO

Notary

4 — 10   1 Chome   Izumizaki

Naha City Okinawa Japan

Naha Legal   Affairs   Bureau

# EXHIBIT "C"

## Postal Delivery Certificate

Name of Receiver        :      **Toshihiko Ikema**

Receiving Number      :      **199-17-29722-3**

This is to certify that above postal good were delivered on October 20, 2005.

**Irabu Postal Service, Naha Prefecture**

Postal Delivery Certificate



## 郵便物配達証明書

| 受取人の<br>氏　　名 | 池間　敏彦 | 様 |
|---|---|---|
| 引受番号 | 199-17-29722-3 | 号 |

　上記の郵便物は、17 年 10月 20 日
配達したのでこれを証明します。

沖縄<br>伊良部　　都府県<br>　　　　　郵便局

ユ07370 (16・TAI)　　　　　　　　　　　　　再生紙使用

# DECLARATION OF SERVICE

I, DAVID LEDGER, hereby declare under penalty of perjury of the laws of the United States that on November 7, 2005, I will cause to be served, via hand delivery, a copy of the NOTICE OF REPOSSESSION OF VESSEL UNDER STIPULATED JUDGMENT; REQUEST FOR AN ORDER TO TRANSFER OWNERSHIP OF VESSEL TO PLAINTIFF IN INTERVENTION, SANKO BUSSAN CO., LTD.; EXHIBITS A-C on the following counsel of record:

> Steven A. Zamsky, Esq.
> Zamsky Law Firm
> Suite 805, GCIC Building
> 414 West Soledad Avenue
> Hagåtña, Guam 96910

and

> Michael J. Berman, Esq.
> Berman O'Connor & Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910

I will also serve by U.S. postal service on Mr. Toshihiko Ikema, Owner of Kana-Maru #1, 110 Aza Maesatozoe, Irabu-cho, Miyakojima, Okinawa.

DATED: Hagåtña, Guam, November 7, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
Attorneys for Defendant
Sanko Bussan Co., Ltd.



CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Sanko Bussan Co., Ltd.



RECEIVED
NOV 07 2005
BERMAN O'CONNOR
MANN & SHKLOV

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>M/V KANA-MARU NO. 1, et al.,<br><br>        Defendant. | CIVIL CASE NO. 00-00029<br><br><br>**[PROPOSED] ORDER GRANTING OWNERSHIP OF VESSEL TO PLAINTIFF IN INTERVENTION, SANKO BUSSAN CO., LTD.** |

M/V KANA-MARU NO. 1, et al.,

        Counterclaim-Plaintiff,

vs.

MARUWA SHOKAI GUAM, INC.

        Counterclaim-Defendant,

and

SANKO BUSSAN CO., LTD.

        Claimant/Plaintiff-in-Intervention.



RECEIVED BY
NOV 07 2005
3:00
ZAMSKY LAW FIRM

On November 7, 2005, Plaintiff in intervention, Sanko Bussan Co. Ltd., filed a pleading entitled Notice of Repossession of Vessel Under Stipulated Judgment [and] Request For An Order To Transfer Ownership Of Vessel To Plaintiff In Intervention, Sanko Bussan Co., Ltd., together with supporting Exhibits A-C.

According to Sanko Bussan's pleading, and the records and files in this action, Plaintiff Maruwa Shokai filed this admiralty case in 2000. Sanko Bussan intervened to assert a maritime lien on the KANA MARU No. 1 (the "vessel"), as well as other *in personam* claims against Toshihiko Ikema, the vessel owner. After a trial on the underlying action brought by Maruwa Shokai, District Judge Alex R. Munson presiding, Sanko Bussan's *in rem* maritime lien and *in personam* claim against Ikema were adjudicated by way of a Stipulated Judgment and Order filed June 12, 2001 (the "Judgment"). That Judgment is attached to Sanko's pleading as Exhibit A. Among other things, the Judgment provides for continuing jurisdiction by the Court for purposes of enforcing the Judgment. Accordingly, it is hereby ADJUDGED, DECREED, and ORDERED that the Court assert continuing jurisdiction for purposes of enforcing the Judgment.

The Judgment establishes that Sanko Bussan's maritime lien on the vessel is for $460,332.80, and that Sanko's *in personam* judgment against Toshihiko Ikema is for $118,742.20.

Sanko Bussan's pleading and the Exhibits attached thereto, in particular Exhibits A and B, demonstrate Ikema has defaulted on his obligations to pay the *in rem* judgment for the maritime lien and the *in personam* judgment.

Sanko's pleading and the Exhibits also establish that, in compliance with the terms of the Judgment, Sanko provided Ikema with written notice of the default ("Notice"), and demanded that Ikema cure the default by payment, or by proposing a payment schedule acceptable to

Sanko; further, Sanko's pleading and Exhibit C thereto establish that the Notice of default and demand for payment were actually and properly delivered to Ikema. Ikema has failed to timely respond to the Notice and Sanko Bussan's demand for cure of the default by payment, or otherwise.

Accordingly, it is hereby ADJUDGED, DECREED, and ORDERED that Ikema is in default, was served with the Notice of default and demand for payment on October 20, 2005, and that Ikema has not cured the default by payment, or otherwise responded to Sanko Bussan, within fifteen (15) days, as required by the Judgment and the Notice.

The Judgment authorized Sanko Bussan to use self-help to repossess the vessel. The Judgment further provides that, subsequent to repossession by Sanko Bussan, the Court shall determine ownership and legal title to the vessel. Accordingly, it is hereby ADJUDGED, DECREED, and ORDERED that, effective the date this Order is filed, ownership of and legal title to the vessel shall vest with Sanko Bussan.

SO ORDERED:_____.


_____
DESIGNATED JUDGE
District Court of Guam


**RECEIVED**

NOV - 7 2005

DISTRICT COURT OF GUAM
HAGATNA, GUAM

# EXHIBIT 2

**FILED**

DISTRICT COURT OF GUAM

NOV 1 4 2005

**MARY L.M. MORAN**
**CLERK OF COURT**

1
2
3
4
5
6
7      **DISTRICT COURT OF GUAM**
8      **TERRITORY OF GUAM**
9

10
MARUWA SHOKAI GUAM, INC.,
11
                    Plaintiff,
12
           vs.                                        CIVIL CASE NO. 00-00029
13
M/V KANA-MARU NO. 1, et al.,
14
                    Defendants.
15

16   M/V KANA-MARU NO. 1, et al.,
                                                      **ORDER**
17                  Counterclaim-Plaintiffs,
                                                      Regarding Plaintiff in Intervention
18           vs.                                      Sanko Bussan Co., Ltd.'s

19   MARUWA SHOKAI GUAM, INC.,                        *Notice of Repossession of Vessel and*
                                                      *Request for an Order Transferring*
20                  Counterclaim-Defendant,           *Ownership*
     and
21
     SANKO BUSSAN CO., LTD,
22
                    Claimant/Plaintiff-in-
23                  Intervention

24
         The Court is in receipt of a Notice of Repossession and Request for an Order to Transfer
25
Ownership of Vessel (KANA MARU NO. 1) filed on November 7, 2005 by Plaintiff in
26
Intervention Sanko Bussan Co. Ltd. ("Sanko Bussan"). In its pleading Sanko Bussan alleges that
27
the owner of the vessel, Toshihiko Ikema has defaulted on his obligations to pay the *in rem*
28

RECEIVED

CARLSMITH BALL

judgment against the vessel and the *in personam* judgment against him personally. Sanko Bussan now seeks to notify the Court of its repossession of the vessel and requests the Court to transfer ownership and title of the vessel to Sanko Bussan.

The Court has reviewed Sanko Bussan's Declaration of Service and finds it deficient. Rather than certifying that all interested parties and their counsel have been served, Sanko Bussan's declaration merely states that it will serve the appropriate parties. The Court will not take any action on the matter until proof of proper service to all interested parties has been provided.[1]

**IT IS SO ORDERED** this  _14_  day of November, 2005.

ROBERT CLIVE JONES[*]
**United States District Judge**

---

[1] The Court is also concerned whether transfer of title is the appropriate resolution of this matter as opposed to sale of the vessel. Of further concern is whether all parties with interest in the vessel have been notified of the repossession and intent of Sanko Bussan to obtain title.

[*] The Honorable Robert Clive Jones, United States District Judge for Nevada, by designation

# EXHIBIT 3



CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Sanko Bussan Co., Ltd.

**FILED**
DISTRICT COURT OF GUAM

NOV 17 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> M/V KANA-MARU NO. 1, et al., <br><br> Defendant. | CIVIL CASE NO. 00-00029 <br><br> **PROOF OF ACTUAL SERVICE OF** <br><br> *NOTICE OF REPOSSESSION OF VESSEL AND REQUEST FOR AN ORDER TRANSFERRING OWNERSHIP* <br><br> **ON COUNSEL OF RECORD AND TOSHIHIKO IKEMA; EXHIBIT A DECLARATION OF SERVICE** |

M/V KANA-MARU NO. 1, et al.,

                Counterclaim-Plaintiff,

vs.

MARUWA SHOKAI GUAM, INC.

        Counterclaim-Defendant,
and

SANKO BUSSAN CO., LTD.

        Claimant/Plaintiff-in-
        Intervention.



RECEIVED BY
12:00
ZAMSKY LAW FIRM

RECEIVED
NOV 17 2005
BERMAN O'CONNOR
MANN & SHKLOV

I.    Background

On November 7, 2005, Sanko Bussan filed its *Notice Of Repossession Of Vessel And Request For An Order Transferring Ownership* (the "Notice Of Repossession").

On November 14, 2005, the Court entered an Order stating that the Declaration of Service filed with the Notice Of Repossession is deficient because it did not provide proof that all interested parties had *actually* been served.

II.    Proof of actual service on all counsel of record

Sanko Bussan hereby corrects the deficiency noted by the Court by submission of proof of *actual* service on the following counsel of record for Plaintiff Maruwa Shokai Guam, Inc. and vessel owner Toshihiko Ikema:

Counsel of record (and trial counsel) for Maruwa Shokai Guam, Inc.

Steven A. Zamsky, Esq.
Zamsky Law Firm
Suite 805, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910

Counsel of record (and trial counsel) for Toshihiko Ikema

Daniel J. Berman, Esq.
Berman O'Connor Mann & Shklov
Suite 503, Bank of Guam Building
111 Chalan Santo Papa
Hagåtña, Guam 96910

Attached hereto as Exhibit A is proof of *actual* service on both above-named counsels of record.   In particular, each law office affixed a "Received" stamp on Sanko Bussan's proof of service copy of its Notice Of Repossession.   The Zamsky Law Firm was served at 3:00 p.m. on November 7, 2005, and Berman O'Connor at another time the same day.

III.    Proof of actual service on Toshihiko Ikema

## DECLARATION OF DAVID LEDGER

1.      I am counsel of record and trial counsel for plaintiff in intervention Sanko Bussan.

2.      I am a United States citizen and over the age of twenty one.

3.      I am a member in good standing of the Guam Bar and am admitted to practice in this United States District Court.

4.      On November 7, 2005, Sanko Bussan's Notice of Repossession was served on vessel owner Toshihiko Ikema by first class United States mail to the following address: 110 Aza Maesatozoe, Irabu-cho, Miyakojima, Okinawa. This is the same address at which Mr. Ikema was actually served with Sanko Bussan's notice of default and demand for payment. (See Exhibit C to Sanko Bussan's Notice Of Repossession, filed November 7, 2005).

5.      On Novmber 17, 2005, Sanko Bussan's Notice of Repossession was again served on Tohishiko Ikema at the same address stated above by way of first class, certified mail, and by DHL courier service.

6.      Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2005 at Hagåtña, Guam.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Defendant
Sanko Bussan Co., Ltd.

# EXHIBIT
# "A"



CARLSMITH BALL LLP

DAVID LEDGER
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Sanko Bussan Co., Ltd.

**FILED**
DISTRICT COURT OF GUAM

NOV - 7 2005

MARY L.M. MORAN
CLERK OF COURT

### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM, INC., | CIVIL CASE NO. 00-00029 |
| Plaintiff, | |
| vs. | **NOTICE OF REPOSSESSION OF VESSEL UNDER STIPULATED JUDGMENT; REQUEST FOR AN ORDER TO TRANSFER OWNERSHIP OF VESSEL TO PLAINTIFF IN INTERVENTION, SANKO BUSSAN CO., LTD.; EXHIBITS A-C; DECLARATION OF SERVICE** |
| M/V KANA-MARU NO. 1, et al., | |
| Defendant. | |

M/V KANA-MARU NO. 1, et al.,

        Counterclaim-Plaintiff,

vs.

MARUWA SHOKAI GUAM, INC.

        Counterclaim-Defendant,

and

SANKO BUSSAN CO., LTD.

        Claimant/Plaintiff-in-Intervention.

RECEIVED BY

NOV 07 2005
3:00
ZAMSKY LAW FIRM

RECEIVED
NOV 0 7 2005
BERMAN O'CONNOR
MANN & SHKLOV



**EXHIBIT A**

1. Background

Plaintiff Maruwa Shokai filed this admiralty case in 2000. Sanko Bussan intervened to assert a maritime lien on the KANA MARU No. 1 (the "vessel"), as well as other *in personam* claims against Toshihiko Ikema, the vessel owner. After a trial on the underlying action brought by Maruwa Shokai, District Judge Alex R. Munson presiding, Sanko Bussan's *in rem* maritime lien and *in personam* claim against Ikema were adjudicated by way of a Stipulated Judgment and Order filed June 12, 2001 (the "Judgment"). That Judgment is attached as Exhibit A. Among other things, the Judgment provides for continuing jurisdiction by the Court for purposes of enforcing the Judgment. See Exh. A, p. 5, paragraph 4.

Sanko Bussan's *in rem* judgment on the maritime lien is for $460,332.80, Id. at p. 3, paragraph 2, the *in personam* judgment is for $118,742.20. Id. at p. 4, paragraph b..

2. Current status

Ikema has defaulted on his obligations to pay the *in rem* judgment against the vessel for the maritime lien and the *in personam* judgment against him personally. In accordance with the terms of the Judgment, Sanko Bussan gave written notice of the default ("Notice"), and demanded that Ikema cure the default by payment or otherwise, for example, by proposing a payment schedule. Sanko Bussan's Notice of default is attached as Exh. B, together with an English translation. Proof of delivery of the Notice to Ikema is attached as Exh. C, also with an English translation.

Ikema was served with the Notice on October 20, 2005. Ikema has not cured the default by payment or otherwise, or in any other way responded to the Notice or Sanko Bussan's demand, within the fifteen (15) days as specified in the Judgment, see Exh. A at p. 5, paragraph 4, and in the Notice. See Exhibit B.

3. Action taken

The Judgment authorizes Sanko Bussan to use self-help to repossess the vessel. See Exh. A, p. 4, paragraph 4. On or about November 7, 2005, Sanko Bussan will use self-help to repossess the vessel at Guam, and thereafter operate the vessel with a new crew.

4. Court action requested

The Judgment provides that, subsequent to repossession of the vessel by Sanko Bussan, the Court shall, in accordance with the Court's continuing jurisdiction, determine ownership and legal title to the vessel. Sanko Bussan hereby respectfully requests the Court to file the (Proposed) Order, lodged concurrently herewith, thereby deeming Sanko Bussan as legal owner of the vessel

DATED: Hagåtña, Guam, November 7, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Defendant
Sanko Bussan Co., Ltd.

# EXHIBIT
# "A"

CARLSMITH BALL LLP

DAVID P. LEDGER
STACY S. FUKUHARA
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Sanko Bussan Co., Ltd.

F I L E D
DISTRICT COURT OF GUAM

JUN 1 2 2001

MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| MARUWA SHOKAI GUAM, INC., ) | CIVIL CASE NO. 00-00029 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| M/V KANA-MARU NO. 1, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| M/V KANA-MARU NO. 1, et al., ) | |
| ) | |
| Counterclaim-Plaintiff, ) | **STIPULATED JUDGMENT AND** |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| MARUWA SHOKAI GUAM, INC., ) | |
| ) | |
| Counterclaim-Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| SANKO BUSSAN CO., LTD., ) | |
| ) | |
| Claimant/Plaintiff-in-Intervention. ) | |
| _____ ) | |

3125495.1.053394-00001

**EXHIBIT A**

District Court of Guam Civil Case No. 00-00029
STIPULATED JUDGMENT AND ORDER
Page 2

| | |
|---|---|
| M/V KANA-MARU NO. 1 and TOSHIHIKO IKEMA, | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| MARUWA SHOKAI, LTD., | ) ) |
| Third-Party Defendants. | ) ) |

Plaintiff-in-Intervention SANKO BUSSAN CO., LTD. ("Sanko Bussan") and Defendants, Counterclaim-Plaintiff, and Third Party Plaintiffs M/V KANA-MARU NO. 1 and TOSHIHIKO IKEMA, by and through their respective counsel, stipulate and agree as follows:

1. Sanko Bussan has a maritime lien for necessaries (the "maritime lien"), as that term is defined under United States general maritime law, against the vessel M/V Kana Maru No. 1 (the "Vessel") in the amount of $460,332.80. The lien consists of:

a. Shipyard refurbishment work performed in Okinawa, the agreed value of which is ¥55,238,904, all of which is established and proven by exhibits admitted into evidence at the trial of this matter as Sanko Bussan Trial Exhibits No.1-79, 1-81 to 88, 1-91, 1-98 to 1-100, 1-102 to 1-106, 1-108 to 1-118, 2-1, 2-3, 2-5 to 2-16, 2-18 to 2-19, 2-24 to 2-32, 5-1 to 5-6 and 5-8. The Vessel has made four payments in the amount of ¥6,323,530 towards said debt, and therefore owes ¥48,915,374 or $404,259.28 at U.S. $1 equals Japanese ¥121.

3125495.1.053394-00001

b.    Necessaries for the Vessel while it was under arrest in Guam, the agreed value of which is $56,073.52, all of which is established and proven by exhibits admitted into evidence at the trial of this matter as Sanko Bussan Trial Exhibits1-1, 1-2 and 7-1 to 7-38.

2.    Sanko Bussan is entitled to judgment on its maritime lien in the amount of $460,332.80, and said judgment is hereby entered against Ikema *in personam* and the Vessel *in rem*.

3.    Sanko Bussan may execute on the maritime lien pursuant to applicable law, including Rule E, Supp. Rules For Certain Admiralty and Maritime Claims and Local Admiralty Rule C; provided, however, that in consideration of Toshihiko Ikema's ("Ikema") performance of the points set forth below in a.- e., Sanko Bussan will not execute on said maritime lien:

a.    Ikema will pay off the maritime lien in accordance with that certain agreement between Sanko Bussan and Ikema, said agreement requiring Ikema to pay an amount toward reducing the maritime lien upon completion of each profitable fishing voyage until said maritime lien is fully paid. The amount Ikema must pay upon completion of each profitable fishing voyage will be a function of the amount of fish caught, market price for the fish, voyage expenses and, ultimately, the amount of profit earned for each said voyage which, in each instance, shall be agreed upon between Ikema and Sanko Bussan according to the usual accounting method to determine same, all as testified to at the trial by Takeshi Umazume, both

District Court of Guam Civil Case No. 00-00029
**STIPULATED JUDGMENT AND ORDER**
Page 4

parties being required to use the utmost good faith and fair dealing in agreeing upon said amount

of profit;

        b.    Ikema agrees to have judgment (the "Judgment") entered against

him *in personam*, and the Vessel *in rem*, in favor of Sanko Bussan, in the amount of $118,742.20

for certain cash advances paid to and on behalf of Ikema, as of March 19, 2001, by Sanko

Bussan, and said judgment is hereby entered;

        c.    Ikema will pay off the Judgement in accordance with that certain

agreement between Sanko Bussan and Ikema, said agreement requiring Ikema to pay an amount

toward reducing the Judgment upon completion of each profitable fishing voyage until said

Judgment is fully paid. The amount Ikema must pay upon completion of each profitable fishing

voyage will be a function of the amount of fish caught, market price for the fish, voyage

expenses and, ultimately, the amount of profit earned for each said voyage which, in each

instance, shall be agreed upon between Ikema and Sanko Bussan according to the usual

accounting method to determine same, all as testified to at the trial by Takeshi Umazume, both

parties being required to use the utmost good faith and fair dealing in agreeing upon said amount

of profit;

        d.    The Vessel will remain under the agency of Sanko Bussan until the

maritime lien for necessaries and Judgment are paid in full; provided, however, that Sanko

Bussan performs all of its obligations under said agency agreement; and

3125495.1.053394-00001

e.      Ikema will neither purchase, nor authorize the purchase of, any supplies, equipment, bunkers, repairs, tackle, bait, services or any other item, commodity or necessary by or for the Vessel, without first obtaining Sanko Bussan's written authority and consent to do so.

4.      The parties agree that the Court will retain continuing jurisdiction of this action for purposes of enforcing the terms of this Stipulated Judgment and Order; provided, however, the parties agree that should Ikema default on any obligation required by this Stipulated Judgment and Order, and after prompt written notice personally delivered fail to cure said default within a reasonable time in the circumstances, in any event not to exceed 15 days after said notice, Sanko Bussan may use self-help to take possession of the Vessel; provided, further, however, that subsequent ownership and legal title to the Vessel shall be determined in accordance with Rule E, Supp. Rules For Certain Admiralty and Maritime Claims and Local Admiralty Rule C, or as otherwise ordered by the Court

Dated this 12 day of June, 2001.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Sanko Bussan Co., Ltd.

//
//
//
//

3125495.1.053394-00001

District Court of Guam Civil Case No. 00-00029
**STIPULATED JUDGMENT AND ORDER**
Page 6

Dated this *14* day of June, 2001

BERMAN O'CONNOR & MANN

DANIEL J. BERMAN
Attorneys for M/V Kana Maru No. 1
and Toshihiko Ikema

**APPROVED AND SO ORDERED** this *12* IN day of *JUNE*, 2001.

THE HONORABLE ALEX R. MUNSON
United States District Court Judge

Notice is hereby given that this document was
entered on the docket on *6/13/01*.
No separate notice of entry on the docket will
be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: *[signature]* *6/13/01*
    Deputy Clerk    Date

3125495.1.053394-00001

# EXHIBIT
# "B"



拝啓　時下益々ご清祥のこととお慶び申し上げます。

さて、貴殿・□□・点検等に関して、貴殿が所有されている、クアムにおける水揚げ、および平成十一年十月一日から平成十七年十月十五日までの同、貴殿のため、立替又は負担した費用の未清算合計金額が、金く三八五万九五九四円となっており、何度かお話し合いをさせていただきましたが、誠意ある回答をいただけておりません。

つきましては、本状到着の日より、十四日以内に、当社宛にて持参又は送金してお支払い下さるか、同日までに弊社にとりり受諾べくお願いいたします返済計画書を提出していただきたくお願いいたします。

なお、貴殿代にお支払らいがされない場合は、誠意のあるお申出もありますが、法的手続きもやむを得ないものと思い調整費をえく存じます。

敬白

EXHIBIT B





平成一七年一〇月一七日

沖縄県那覇市おもろまち二丁目五番七号
　　三高物産株式会社
　　代表取締役　馬詰　修

沖縄県宮古島市伊良部町字前里添百十番地
　第一香奈丸
　　池間　敏彦　殿

この郵便物は平成拾七年拾月拾八日第　　　　　号をもって内容証明郵便物として差し出したことを証明します
那覇中央郵便局長



( CONTENTS – CERTIFIED MAIL )   1st page

***Mailing seal is affixed on October 18, 2005

With regards to the fishing vessel operation cost like maintenance, inspection, fish offloading and provisions for your owned Kana Maru #1, please be informed that there are outstanding amount as JPY83,859,594 which was paid temporarily by our company for you from October 1, 1999 to October 15,2005. Although we talked the matter together several times, we have never got sincere response from you.

We would like you to pay the amount in cash or remit to our company in 14 days after you received this mail. Or, we would like you to submit payment schedule which is acceptable for our company on and before that day mentioned above.

Unless you pay the outstanding amount , or you give sincere response by the due date, we regret but we shall be forced to place the matter in the hands of our solicitors. Please understand about it.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

2nd page

***Company seal of sender and mailing seal are affixed

October 17, 2005

(Sender)
President director
Osamu Umazume
Sanko Bussan Co.,Ltd.
2·5·7 Omoromachi, Naha, Okinawa

(Recipient)
Mr. Toshihiko Ikema
Owner of Kana Maru #1
110 Aza·Maesatozoe, Irabu·cho, Miyakojima, Okinawa

I hereby certify that this mail was sent as registered contents·certified mail on October 18, 2005 under confirmation no. 29722.
Postmaster of Naha Central Post office   ***Mailing seal is affixed on October 18, 2005

This is the translation of attached letter mailed on October 18th 2005,

October 24th, 2005   Takeshi Uma...

平成１７年第１８８号

　　　　　　　　認　　証

　嘱託人馬詰剛は、本職の面前で添付書面に署名押印

した。

　よってこれを認証する。

平成１７年１０月２４日本職役場において

　沖縄県那覇市泉崎一丁目４番１０号

　那覇地方法務局所属

　　公証人　　金　城　正　之

Registered No. 1 8 8

## NOTARIAL CERTIFICATE

This is to certify that TSUYOSHI UMAZUME has

affixed his signature and seal in my very presence

to the attached document.

Dated this 24th day of October 2005

*Masayuki Kinjo*

MASAYUKI KINJO

Notary

4 − 10   1 Chome   Izumizaki

Naha City Okinawa Japan

Naha Legal   Affairs   Bureau

# EXHIBIT
# "C"

## Postal Delivery Certificate

Name of Receiver      :     **Toshihiko Ikema**

Receiving Number      :     **199-17-29722-3**

This is to certify that above postal good were delivered on October 20, 2005.

**Irabu Postal Service, Naha Prefecture**

**EXHIBIT C**



Postal Delivery Certificate



## 郵便物配達証明書

| 受取人の氏名 | 池間 敏彦　　様 |
|---|---|
| 引受番号 | 199-17-29722-3　　号 |

上記の郵便物は、17 年 10 月 20 日
配達したのでこれを証明します。

沖縄　　都府県
伊良部　　郵便局

ユ07370 (16・TAI)　　　　　　　内生郵便用

## DECLARATION OF SERVICE

I, DAVID LEDGER, hereby declare under penalty of perjury of the laws of the United States that on November 7, 2005, I will cause to be served, via hand delivery, a copy of the NOTICE OF REPOSSESSION OF VESSEL UNDER STIPULATED JUDGMENT; REQUEST FOR AN ORDER TO TRANSFER OWNERSHIP OF VESSEL TO PLAINTIFF IN INTERVENTION, SANKO BUSSAN CO., LTD.; EXHIBITS A-C on the following counsel of record:

> Steven A. Zamsky, Esq.
> Zamsky Law Firm
> Suite 805, GCIC Building
> 414 West Soledad Avenue
> Hagåtña, Guam 96910

and

> Michael J. Berman, Esq.
> Berman O'Connor & Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910

I will also serve by U.S. postal service on Mr. Toshihiko Ikema, Owner of Kana-Maru #1, 110 Aza Maesatozoe, Irabu-cho, Miyakojima, Okinawa.

DATED: Hagåtña, Guam, November 7, 2005.

CARLSMITH BALL LLP

DAVID LEDGER
Attorneys for Defendant
Sanko Bussan Co., Ltd.

## DECLARATION OF SERVICE

I, DAVID LEDGER, pursuant to 28 U.S.C. Section 1746, hereby declare under penalty of perjury of the laws of the United States that on November 17, 2005, I served, via hand delivery, a copy of the above:

**Proof of Actual Service Of Notice Of Repossession Of Vessel And Request For An Order Transferring Ownership; Exhibit A**

on the following counsel of record:

> Steven A. Zamsky, Esq.
> Zamsky Law Firm
> Suite 805, GCIC Building
> 414 West Soledad Avenue
> Hagåtña, Guam 96910

and

> Daniel J. Berman, Esq.
> Berman O'Connor & Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910

I, DAVID LEDGER, pursuant to 28 U.S.C. Section 1746, hereby further declare under penalty of perjury of the laws of the United States that on November 17, 2005, I served, via first class certified mail and DHL courier a copy of the above pleading on Toshihiko Ikema at the following address: 110 Aza Maesatozoe, Irabu-cho, Miyakojima, Okinawa.

Executed at Hagåtña, Guam on November 17, 2005.

DAVID LEDGER

## DECLARATION OF SERVICE

I, DAVID LEDGER, pursuant to 28 U.S.C. Section 1746, hereby declare under penalty of perjury of the laws of the United States that on February 22, 2006, I served, via hand delivery, a copy of the REQUEST FOR REVIEW OF PLEADINGS FILED SINCE NOVEMBER 7, 2005; EXHIBITS 1-3 on the following counsel of record:

> Steven A. Zamsky, Esq.
> Zamsky Law Firm
> Suite 805, GCIC Building
> 414 West Soledad Avenue
> Hagåtña, Guam 96910

and

> Daniel J. Berman, Esq.
> Berman O'Connor & Mann & Shklov
> Suite 503, Bank of Guam Building
> 111 Chalan Santo Papa
> Hagåtña, Guam 96910

I, DAVID LEDGER, pursuant to 28 U.S.C. Section 1746, hereby further declare under penalty of perjury of the laws of the United States that on February 22, 2006, I served, via DHL courier a copy of the above pleading on Toshihiko Ikema at the following address: 110 Aza Maesatozoe, Irabu-cho, Miyakojima, Okinawa.

Executed at Hagåtña, Guam on February 22, 2006.

DAVID LEDGER